**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **Case No. 7:16-cr-33** |
| **v.** | ) | |
| | ) | **Hon. Robert S. Ballou** |
| **MARVIS MAURICE JOHNSON** | ) | **United States District Judge** |

<u>**OPINION AND ORDER**</u>

Marvis Maurice Johnson was identified as potentially eligible for a reduction of his sentence under Amendment 821 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2).  The parties agree that under Part A of Amendment 821, Johnson's advisory guideline range of 168–210 months would be reduced to 151–188 months. The parties dispute whether Johnson has already served the sentence for the qualifying offense and is thus ineligible for sentence reduction.

**I.      Factual Background**

In 2007, Johnson pled guilty to possession with intent to distribute 50 grams or more of crack cocaine and possession with intent to distribute 500 grams or more of a mixture of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Case No. 7:06CR60, Dkt. 24.  Johnson was sentenced to 135 months imprisonment, which was later reduced to 120 months in 2008 under Amendment 706 to the sentencing guidelines. *Id.* at Dkt. 24, 29, 40. Johnson was released from custody in 2014 and began a five-year term of supervised release. 7:16CR33, Dkt. 190.

In 2016, Johnson pled guilty to conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846, and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). *Id.* Johnson's guideline range was calculated as 168–210 months. *Id.* On February 7, 2017, Johnson was sentenced to 112 months. *Id.* at Dkt. 120.

On the same date, Johnson's term of supervised release for the 2007 conviction was revoked, based upon the 2016 charges, which breached his supervised release condition that he not violate any local, state or federal laws. The court imposed a 30-month sentence, to run "consecutively to sentence of imprisonment of One Hundred Twelve (112) Months imposed this day in 7:16CR000033." Case. No. 7:06CR60, Dkt. 47. In 2020, Johnson's supervised release revocation sentence was reduced from 30 months to 18 months under the First Step Act. *Id.* at Dkt. 60. The judgment order provided that "[a]ll other terms of the defendant's [sentence] shall remain the same, including the requirement that the 18-month revocation sentence be served consecutively to the 112-month term of imprisonment imposed in Criminal Action No. 7:16CR000033." *Id.*

Johnson now has less than 10 months remaining to serve, with a projected release date of September 18, 2024. He is currently located at a halfway house.

## II.    Analysis

The court must follow a two-step process when addressing whether a defendant is entitled to a sentence reduction under § 3582(c)(2) based on a retroactive guidelines amendment, such as Amendment 821. First, the court must determine the prisoner's eligibility for a sentence modification under § 1B1.10 and the extent of the reduction authorized. *Dillon v. United States*, 560 U.S. 817, 827 (2010). Second, the court is required to consider any applicable §3553(a) factors and determine whether, in it is discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827.

Section 1B1.10(b)(2)(C) provides the following policy statement: "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already

served."  Further, the guidelines provide that "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section.  This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. § 1B1.10 app. note 8(a).

Here, the parties do not dispute that under Part A of Amendment 821, Johnson's guideline range for the 2017 conviction would be reduced from 168–210 months to 151–188 months. However, while Johnson is eligible for a reduction in his 2017 sentence of 112 months, he is not eligible for a reduction in the 18 month sentence he is serving for violation of supervised release. Because Johnson has only 10 months of his sentence left to serve, the Government argues that Johnson has served the qualifying 112-month sentence, and is no longer eligible for sentence reduction. Johnson counters that his sentences should be considered in the aggregate as a 130-month sentence which he has not yet completed; that the court cannot determine which sentence he served first; and he is eligible for reduction under Amendment 821.

Neither party cites case law that is directly on point, and no cases within the Fourth Circuit appear to have addressed this specific question: whether two consecutive sentences entered by the same judge at the same time, for two different offenses in two different cases, one of which is a supervised release violation arising out of the same conduct as the other offense, should be considered in the aggregate for purposes of sentence reduction under § 3582(c).

Johnson points to 18 U.S.C. § 3584(c), which directs the Bureau of Prisons ("BOP") to consolidate multiple terms of imprisonment ordered to run consecutively as a single, aggregate term of imprisonment for administrative purposes.  Johnson asserts that under this provision his sentences were aggregated by the BOP and the court cannot determine which sentence was served first. Courts have rejected this argument in the sentence reduction context, finding that

§ 3584(c) specifies that aggregation of sentences is for "administrative purposes," whereas a sentence reduction under §3582(c)(2) is a judicial function. *See U.S. v. Woodard*, No. 7:96-cr-109, 2024 WL 382445, at *7 (W.D. Va. Jan. 31, 2024) (citing *U.S. v. Vaughn*, 806 F.3d 640, 643–44 (1st Cir. 2015)); *United States v. Llewlyn*, 879 F.3d 1291, 1295 (11th Cir. 2018).  Thus, the BOP's administrative policy to aggregate multiple terms of imprisonment ordered to run consecutively is not determinative of whether Johnson's sentences are considered in the aggregate for purposes of sentence reduction under Amendment 821.

Courts have addressed aggregation of consecutive sentences for purposes of sentence reduction in other situations, none of which fit squarely here. For example, courts have aggregated consecutive sentences for purposes of § 3582(c)(2) where defendants are serving consecutive sentences imposed at the same time by the same judge and the judgment(s) did not specify which sentence must be served first. *See United States v. Bolin*, No. 2:02cr176-1, 2008 WL 928397, at *2 (S.D. Ohio Apr. 7, 2008); *United States v. Brown,* No. 2:04cr88, 2013 WL 1819795, at *6 (W.D. Pa. Apr. 29, 2013) (expressing concern that it was "impossible to discern" the order of the sentences). The courts reasoned that when consecutive sentences are imposed simultaneously, it is not always clear in what order the sentences should be served; thus, fairness concerns could be raised by the denial of a § 3583(c)(2) sentence reduction on the basis that only part of the total prison term had been served. *Vaughan,* 806 F.3d at 644 (citing *Brown*, 2013 WL 1819795, at *6).

Conversely, courts have declined to aggregate consecutive sentences where a defendant is serving two separately imposed consecutive sentences. *Llewlyn*, 879 F.3d at 1297–98; *Vaughan*, 806 F.3d at 644–45; *United States v. Parker*, 472 F. App'x 415, 417 (7th Cir. 2012) *United States v. Gamble*, 572 F.3d 472, 473–75 (8th Cir. 2009).  In those cases, the defendants were

sentenced at two different times, by two different judges, in two different jurisdictions, for unrelated offenses. "There is no such fairness concern when…a defendant commits a crime while incarcerated and receives an additional consecutive sentence while he is already serving the first sentence." *Vaughan*, 806 F.3d at 644; *see Woodard*, 2024 WL 382445, at *7 ("[B]ecause Woodard has completed the sentence that makes him eligible for a sentence reduction and now is serving a separate sentence imposed for a separate offense committed well after the first, he is not entitled to a sentence reduction.")

Johnson's case does not fit squarely within either category. Johnson received two different sentences in two different cases, but from the same judge, on the same date and based on the same underlying conduct.  The judgment order for the 2016 charge addressed only the 112-month imprisonment term and did not acknowledge the supervised release violation sentence entered on the same day. Meanwhile, both the original and amended judgment on the revocation of supervised release violation state that the imprisonment is to run "consecutively to sentence of imprisonment for 112 months imposed in 7:16CR33." Arguably, a plain reading of the judgments would indicate that the 18-month sentence is "consecutive," and thus served after the 112-month judgment. However, as the court in *Bolin* noted, "the word 'consecutive' means not only 'one right after the other' but also 'having no interval or break; continuous." 2008 WL 928397 at * 2.

This is not a situation where Johnson was already incarcerated and received an additional consecutive sentence while serving the first sentence.  Rather, Johnson received both sentences on the same date, from the same judge, for the same underlying conduct. This court cannot, in fairness, say with certainty which sentence Johnson served first. Thus, I will assume for purposes of this motion, that Johnson is eligible for a sentence reduction under Part A of Amendment 821.

However, the court must still consider any applicable §3553(a) factors and determine whether the reduction is warranted in whole or in part under the particular circumstances of the case. *Dillon*, 560 U.S. at 827.  Having considered the sentencing factors under 18 U.S.C. § 3553(a), I find that a reduction is not warranted here. I note that Johnson's original 112-month sentence remains significantly lower than the amended advisory guidelines range of 151-188 months. I find that the 112-month sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in §3553(a)(2). Johnson has a significant history of drug related charges, and the 2017 drug and firearm offenses were committed while he was on supervised release from a prior 120-month sentence served for the 2007 drug offenses. Johnson returned to his drug-related activities just over a year after his prior release from prison.  He is now at the tail end of his sentence with 10 months left to serve and is living in a halfway house. The sentencing objectives in § 3553(a) would be best accomplished by Johnson finishing his remaining sentence time in the halfway house, to provide Johnson with the aid he needs to foster reintegration into society, rather than being released immediately on time served.

**III.    Conclusion**

For the reasons stated, I find that Johnson is not entitled to a sentence reduction under Amendment 821 and 18 U.S.C. § 3582(c)(2).

It is **SO ORDERED**.

Entered:  March 4, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge